**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FERRILL VOLPICELLI,

    Petitioner,                          3:15-cv-00236-RCJ-WGC

vs.                                          **ORDER**

ROBERT LeGRAND, *et al.*,

    Respondents.

_____/

        This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Ferrill Volpicelli, a Nevada prisoner.

        The court received Volpicelli's petition, along with a motion for appointment of counsel, on April 29, 2015. On May 12, 2015, the court issued an order (ECF No. 3), directing Volpicelli to either pay the filing fee for his petition or file an application to proceed *in forma pauperis*. On May 21, 2015, Volpicelli filed an "Ex Parte Motion for Leave to File Papers" (ECF No. 4), and an "Ex Parte Motion for Stay of Proceedings" (ECF No. 5). On May 28, 2015, Volpicelli paid the filing fee for this action (ECF No. 6).

        The court has examined Volpicelli's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determines that it is successive, and that Volpicelli has not obtained the required permission from the court of appeals to file a successive petition. This court, therefore, is without jurisdiction over this action.

Consequently, the court will deny Volpicelli's motions, will dismiss this action, will deny a certificate of appealability, and will direct the clerk to enter judgment accordingly.

The petition in this case begins:

> Petitioner is challenging the Amended Judgment of Conviction entered on March 2, 2015, by Judge Freeman in the Second Judicial District Court, Washoe County Nevada. The Amended Judgment of Conviction in CR02-0147 is subsequent to the initial judgment of conviction entered on December 12, 2003.

Petition for Writ of Habeas Corpus, p. 1 (citation to appendix omitted). It is clear, then, that Volpicelli's petition in this case challenges his amended judgment of conviction in Case No. CR02-0147 in Nevada's Second Judicial District Court.

The court takes judicial notice of the proceedings in Case No. 3:08-cv-00160-RCJ-VPC, one of several other habeas petitions that Volpicelli has filed in this court. *See* Fed. R. Evid. 201. In that case, initiated on March 31, 2008, Volpicelli challenged his conviction in Second Judicial District Court Case No. CR02-0147, albeit before the judgment of conviction was amended. *See* Petition for Writ of Habeas Corpus, Case No. 3:08-cv-00160-RCJ-VPC, ECF No. 8. In Case No. 3:08-cv-00160-RCJ-VPC, on August 11, 2011, the court denied Volpicelli's petition, in its entirety, on the merits of Volpicelli's claims, and the court denied Volpicelli a certificate of appealability. *See* Order entered August 11, 2011, Case No. 3:08-cv-00160-RCJ-VPC, ECF No. 45. On July 9, 2012, the Ninth Circuit Court of Appeals denied Volpicelli's request in that court for a certificate of appealability. *See* Order filed July 12, 2012, Case No. 3:08-cv-00160-RCJ-VPC, ECF No. 50.

28 U.S.C. § 2244(b) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>              (B)(i) the factual predicate for the claim could not have been
> discovered previously through the exercise of due diligence; and
>
>              (ii) the facts underlying the claim, if proven and viewed in light
> of the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that, but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the
> underlying offense.
>
>              (3)(A) Before a second or successive application permitted by
> this section is filed in the district court, the applicant shall move in the
> appropriate court of appeals for an order authorizing the district court
> to consider the application.

28 U.S.C. §2244(b)(1), (2), and (3)(A).

The court finds that this action presents a successive petition, within the meaning of 28 U.S.C. § 2244(b), and that Volpicelli has not obtained permission from the court of appeals to file such a successive petition.

The court recognizes that in this case Volpicelli purports to challenge the amended judgment of conviction in Second Judicial District Court Case No. CR02-0147, whereas the petition in Case No. 3:08-cv-00160-RCJ-VPC was finally resolved on its merits before the amendment of Volpicelli's judgment of conviction.

An order of the Nevada Supreme Court, attached to Volpicelli's habeas petition in this case as Appendix 7, dismissing an appeal brought by Volpicelli from the amendment of the judgment of conviction, states:

>       On March 2, 2015, the district court entered an amended judgment of
> conviction nunc pro tunc to December 12, 2003, the date of the original judgment of
> conviction, which corrects a clerical error changing the reference to "Nevada State
> Prison" to the "Nevada Department of Corrections," and removing a testing fee of
> $150.  Our review of this appeal reveals a jurisdictional defect.  The amended
> judgment of conviction makes no substantive changes to appellant's rights; therefore,
> appellant is not an aggrieved party.  *See* NRAP 3B; NRS 177.015(1).  The right to
> appeal is statutory; where not statute or court rule provides for an appeal, no right to
> appeal exists.  *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).  No
> statute or court rule provides for an appeal by a non-aggrieved party.  Therefore we
> lack jurisdiction to entertain this appeal.

Order Dismissing Appeal, filed April 21, 2015, Appendix 7 to Petition for Writ of Habeas Corpus.

Because the amendment of Volpicelli's judgment of conviction involved only the correction of a

clerical error and the removal of a $150 "testing fee," it is plain that the amendment of the judgment had no substantive effect on Volpicelli's underlying conviction or sentence.

The Ninth Circuit Court of Appeals, in *Wentzell v. Neven*, 674 F.3d 1124, 1126-1127 (9th Cir.2012), applying *Magwood v. Patterson*, 561 U.S. 320 (2010), held that the latter of two petitions is not "second or successive" if there is a "new judgment intervening between the two habeas petitions," even if the second petition effectively challenges unamended portions of the judgment. *Wentzell*, 674 F.3d at 1126–27.  This case, however, is distinguishable from the circumstances in *Wentzell*, and also from those in *Magwood*.  In *Magwood*, the judgment was amended after the petitioner was granted federal habeas corpus relief and the state trial court held a new sentencing hearing and imposed a new sentence.  In *Wentzell*, the judgment was amended after the petitioner was granted state-court habeas corpus relief, and had one of three counts dismissed.  By contrast, in this case, Volpicelli's amended judgment merely excused him from paying a $150 fee and corrected a clerical error.  The amendment of the judgment had no effect on the finality of his judgment of conviction or sentence.  Unlike in *Magwood*, Volpicelli was not resentenced.  And unlike in *Wentzell*, Volpicelli's conviction and sentence remained undisturbed.  In short, there was no re-adjudication of the state criminal case against him that qualifies as an intervening judgment as contemplated in *Magwood* and *Wentzell*.

Therefore, the petition in this case is a successive petition, within the meaning of 28 U.S.C. § 2244(b).  Volpicelli has not obtained permission from the court of appeals to file such a successive petition, as is required by 28 U.S.C. § 2244(b)(3).  Therefore, this court is without jurisdiction to consider Volpicelli's habeas corpus petition in this case.  *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir.2001) (per curiam) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998)), *cert. denied*, 538 U.S. 984 (2003) (district court lacks jurisdiction to consider merits of second or successive habeas petition in absence of proper authorization from court of appeals).  This action will be dismissed.

In light of the court's dismissal of this action under 28 U.S.C. § 2244(b), for lack of jurisdiction, appointment of counsel is not warranted. The motion for appointment of counsel will be denied.

The court cannot discern what relief Volpicelli requests in his Ex Parte Motion for Leave to File Papers (ECF No. 4). That motion, therefore, will be denied.

In his Ex Parte Motion for Stay of Proceedings (ECF No. 5), Volpicelli requests that this action be stayed pending the conclusion of his appeal in another habeas action in this court, Case No. 3:14-cv-00579-RCJ-VPC, in which he challenges a different conviction. As the court understands that motion, Volpicelli anticipates this dismissal of this action pursuant to 28 U.S.C. § 2244(b), and he suggests that the outcome of the appeal in Case No. 3:14-cv-00579-RCJ-VPC may have a bearing on whether such dismissal is proper. The court finds that a stay is unwarranted. The court determines that it lacks jurisdiction over the present action. The motion for stay will be denied.

As this is a final order adverse to Volpicelli, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts mandates that this court must issue or deny a certificate of appealability. *See* 28 U.S.C. § 2253(c); Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. App. P. 22(b). The standard for issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000).  Applying these standards, the court finds that a certificate of appealability is not warranted.  The court will deny Volpicelli a certificate of appealability.

**IT IS THEREFORE ORDERED** that the clerk of the court shall separately file petitioner's petition for writ of habeas corpus, and his motion for appointment of counsel (both of which are now filed as attachments to the notice at ECF No. 1).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Ex Parte Motion for Leave to File Papers (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Ex Parte Motion for Stay of Proceedings (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

Dated:  June 11, 2015.

_____
UNITED STATES DISTRICT JUDGE